UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN MILLS,<br><br>                    Plaintiff,<br><br>   v.<br><br>NOAH ZEICHNER,<br><br>                    Defendant. | CASE NO. C23-1130JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Alan Mills's motion to strike affirmative defenses. (Mot. (Dkt. # 10); Reply (Dkt. # 15).) In response, Defendant Noah Zeichner moves to voluntarily withdraw certain affirmative defenses and opposes Mr. Mills's motion to strike the remaining affirmative defenses. (Resp. (Dkt. # 14).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS in part and DENIES in part Plaintiff's

motion to strike affirmative defenses and GRANTS Defendant's responsive motion to withdraw certain affirmative defenses.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(c)(1) requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Under Federal Rule of Civil Procedure 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Cobra Sys., Inc. v. Unger*, No. 8:16-cv-00569-ODW-JEM, 2016 WL 9383517, at *1 (C.D. Cal. Aug. 4, 2016). An affirmative defense is insufficiently pleaded if it fails to provide the plaintiff "fair notice" of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam). "Fair notice" "only requires describing the defense in general terms." *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (internal quotation marks omitted). However, the defense "must be articulated to such a degree that the plaintiff is not subject to unfair surprise." *J & J Sports Prods., Inc. v. Delgado*, No. 1:12-CV-001945-LJO, 2013 WL 3288564, at *5 (E.D. Cal. June 28, 2013). An affirmative defense is insufficient as a matter of law if it cannot succeed under any circumstances. *Washington v. Franciscan Health Sys.*, C17-5690BHS, 2018 WL 3546802, at *7 (W.D. Wash. July 24, 2018).

Courts generally disfavor motions to strike, given the strong policy preference for resolving issues on the merits. *See, e.g.*, *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018). Nevertheless, "where [a] motion [to strike] may have

the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California v. United States*, 512 F. Supp. 36, 28 (N.D. Cal. 1981).  Indeed, the purpose of Rule 12(f) is to "help 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Franciscan Health Sys.*, 2018 WL 3546802, at *7 (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).  Whether to grant a motion to strike lies within the discretion of the district court.  *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).  When considering a motion to strike, the court must view the pleadings in the light most favorable to the pleading party.  *See, e.g.*, *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

### III.    ANALYSIS

The court first addresses Mr. Zeichner's responsive motion to withdraw certain affirmative defenses, as it will dispose of several points of dispute raised by Mr. Mills's motion to strike.  The court then turns to Mr. Mills's motion, separately evaluating his legal insufficiency and pleading insufficiency claims.

**A.    Mr. Zeichner's Responsive Motion**

The court GRANTS Mr. Zeichner's motion to voluntarily withdraw affirmative defenses one, four, nine, ten, thirteen through sixteen, and eighteen.  The court, however, denies as premature Mr. Zeichner's request for "permission for leave to amend the Answer if Defendant becomes aware of facts supporting [affirmative defense thirteen]

during the course of discovery." (Resp. at 12.) Mr. Zeichner may seek leave to amend his answer at a later time when the issue becomes ripe for consideration.

**B.    Legal Insufficiency**

Mr. Mills moves to strike affirmative defenses seven, eight, eleven, and twelve on the basis that they are legally deficient. (*See* Mot. at 21; Reply at 12.) These affirmative defenses are, respectively, "good faith," "mitigation of damages," "immunity," and "qualified immunity." (Answer (Dkt. # 2-6) at 9-10.) With respect to affirmative defense eight—mitigation of damages—Mr. Mills claims this defense is legally deficient because it is redundant of affirmative defense fourteen. (*See* Mot. at 12; Answer at 10 (identifying affirmative defense fourteen as "mitigation of damages").) However, because Mr. Zeichner has already withdrawn affirmative defense fourteen, the court concludes affirmative defense eight is not redundant of any other defenses. With respect to affirmative defenses seven, eleven, and twelve, Mr. Mills fails to demonstrate that these defenses cannot succeed under any circumstance. *See Franciscan Health Sys.*, 2018 WL 3546802, at *7. His arguments instead appear to go to the merits of this dispute. (*See* Mot. at 12-15.) The court therefore DENIES Mr. Mills's request to strike affirmative defenses seven, eight, eleven, and twelve on the basis that they are legally deficient.

**C.    Pleading Insufficiency**

Turning to the balance of Mr. Zeichner's affirmative defenses, Mr. Mills seeks to strike affirmative defenses two, three, five through eight, eleven, twelve, seventeen, and nineteen through twenty-one without prejudice and with leave to amend on the basis that

ORDER - 4

they are factually deficient.  (*See* Mot. to Strike at 9-20; Reply at 12.)  The court concludes that affirmative defenses two, eight, nineteen, and twenty are insufficient, but the remainder are not.  The court addresses each grouping of affirmative defenses in turn.

> 1. <u>Insufficiently Pleaded:  Affirmative Defenses Two, Eight, Nineteen, and Twenty</u>

These affirmative defenses are, respectively, "indispensable party," "mitigation of damages," "lack of authority/legal justification," and "first amendment privilege." (Answer at 9, 11.)  Even considering Mr. Zeichner's answer coupled with the factual allegations in Mr. Mills's complaint, and construing the pleadings in the light most favorable to Mr. Zeichner, the court concludes that these defenses are not "articulated to such a degree that the plaintiff is not subject to unfair surprise."  *J & J Sports Prods., Inc.*, 2013 WL 3288564, at *5.  As pleaded, Mr. Zeichner's indispensable party defense does not provide fair notice of what party or parties he views as indispensable.  (*See* Answer at 9); *see Tollefson v. Aurora Fin. Grp., Inc.*, No. C20-0297JLR, 2021 WL 462689, at *3 (W.D. Wash. Feb. 9, 2021) (striking "failure to join necessary parties" defense on similar grounds).  It also is not apparent from the pleadings how Mr. Mills allegedly failed to mitigate his damages.  (*See* Answer at 9); *Tollefson*, 2021 WL 462689, at *3 (striking "failure to mitigate" defense on similar grounds).  Mr. Zeichner's "legal authority/legal justification" defense is similarly vague as pleaded because it does not identify the conduct for which Mr. Zeichner claims he lacked authority.  (*See* Answer at 11); *see Smith v. Cobb*, 15-CV-176-GPC, 2017 WL 2350443, at *7 (S.D. Cal. May 30, 2017) (striking justification defense as vague and ambiguous).  And finally, Mr.

Zeichner's "first amendment privilege" defense does not provide fair notice of what speech Mr. Zeichner views as protected. (*See* Answer at 11); *see Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 492 (S.D. Cal. 2013) (striking first amendment privilege defense for which defendant provided no factual basis because "'a reference to a doctrine . . . is insufficient notice.'" (quoting *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 1046, 1049 (N.D. Cal. 2004))). For these reasons, the court GRANTS Mr. Mills's motion to strike affirmative defenses two, eight, nineteen, and twenty with leave to amend.

> 2. <u>Sufficiently Pleaded: Affirmative Defenses Three, Five Through Seven, Eleven, Twelve, Seventeen, and Twenty-One</u>

These affirmative defenses are, respectively, "intentional conduct or comparative fault," "capacity," "standing," "good faith," "immunity," "qualified immunity," "consent," and the "*in loco parentis* doctrine." (Answer at 9-11.) These affirmative defenses are supported by factual allegations in the complaint and answer that are sufficient to provide Mr. Mills fair notice. *See, e.g.*, *Mag Instrument, Inc. v. JS Prods, Inc.*, 595 F. Supp. 2d 1102, 1108 (C.D. Cal. 2008) ("With respect to some defenses, 'merely pleading the name of the affirmative defense . . . may be sufficient.'" (quoting *Woodfield v. Bowman*, 193 F.3d 354, 361 (5th Cir. 1999)). For example, with respect to the immunity and qualified immunity defenses, there is no question based on the parties' pleadings that Mr. Zeichner is a public school teacher who was acting in his capacity as a teacher when engaging in the conduct complained of. (*See generally* Compl. (Dkt. # 2-1); Answer.) Mr. Zeichner's immunity and qualified immunity defenses place Mr.

Mills on notice that Mr. Zeichner intends to argue he is immune from civil liability based on the federal common law doctrine of qualified immunity, RCW 4.24.470, and his status as a public school teacher.  (*See* Resp. at 11-12.)  And with respect to consent, for example, the complaint makes clear that Mr. Mills's wife permitted their daughter to participate in the Euro Challenge.  (*See* Compl. ¶ 11.)  The court concludes these defenses and the factual allegations in the pleadings provide enough information that Mr. Mills is not subject to unfair surprise.  For these reasons, the court DENIES Mr. Mills's motion to strike affirmative defenses three, five through seven, eleven, twelve, seventeen, and twenty-one.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Mr. Mills's motion to strike affirmative defenses (Dkt. # 10) and GRANTS Mr. Zeichner's responsive motion to voluntarily withdraw affirmative defenses (Dkt. # 14).

Dated this 20th day of September, 2023.

JAMES L. ROBART
United States District Judge