UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN MILLS,<br><br>                    Plaintiff,<br><br>       v.<br><br>NOAH ZEICHNER,<br><br>                    Defendant. | CASE NO. C23-1130JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Alan Mills's motion for reconsideration of the court's October 4, 2023 order striking the parties' joint motion for expedited discovery with leave to renew it after October 13, 2023.  (Mot. (Dkt. # 25); *see also* 10/4/23 Order (Dkt. # 24); Joint Mot. (Dkt. # 22).)  Having reviewed the motion, the relevant portions of the record, and the governing law, the court DENIES Mr. Mills's motion for reconsideration.

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a

ORDER - 1

showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). "Reconsideration is an extraordinary remedy," and the moving party bears a "heavy burden." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The court concludes that Mr. Mills has not met his burden to demonstrate that the court's prior order should be reconsidered. Mr. Mills neither identifies manifest error in the court's prior order, nor does he identify facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1).

Mr. Mills seeks reconsideration on the basis that: (1) he "meticulously followed every requirement of LCR 37(a)(2)" in filing the joint motion for expedited discovery; (2) Defendant Noah Zeichner's attorney allegedly violated certain aspects of Local Rule 37(a)(2); and (3) the court's order striking the joint motion is prejudicial to him because "[d]elaying resolution of these disputes will only further prejudice [Mr. Mills's] ability to prepare for this case." (Mot. at 9.) With respect to Mr. Mills's compliance with the Local Rules, the court acknowledges it overlooked the inclusion of a certification pursuant to LCR 37(a)(2)(H), located at the end of the exhibits appended to the joint motion. (*See* Joint Mot. at 34.); *see also* Local Rules W.D. Wash. LCR 37(a)(2)(H). Nevertheless, reconsideration is not warranted because the joint motion remains deficient under the Local and Federal Rules in two ways. First, Mr. Mills received notice that Mr. Zeichner intended to file a declaration with the joint motion (*see* Mot. at 20), yet Mr. Mills—the moving party (Joint Mot. at 1)—failed to include that declaration in the joint

filing. (Murphy Decl. ¶ 8; *see generally* Joint Mot.); *see also* Local Rules W.D. Wash. LCR 37(a)(2)(H) ("The moving party shall be responsible for filing the motion containing both parties' positions on the discovery disputes, any declarations submitted by the parties, and the proposed form of order."). As the moving party, it is Mr. Mills's obligation to coordinate with Mr. Zeichner's counsel to obtain any declarations and timely file the joint motion. His failure to do so constitutes a violation of the express requirements of LCR 37(a)(2)(H). Second, the joint motion was not signed by Mr. Zeichner's attorney. (*See* Joint Mot.) As previously noted, Federal Rule of Civil Procedure 11(a) requires that every pleading be signed by an attorney of record for the filing party—or by the party personally if the party is proceeding *pro se*—and authorizes the court to strike unsigned pleadings. (*See* 10/4/23 Order (citing Fed. R. Civ. P. 11(a)).) Because the filing at issue was a joint motion that included the positions of both parties, the court concluded that it must have been signed by both Mr. Mills and counsel for Mr. Zeichner before it was filed with the court. (*See id.* (citing Fed. R. Civ. P. 11(b)).) Mr. Mills fails to explain how this conclusion reflects manifest error, nor does he provide new facts or legal authority that warrant reconsideration. *See* Local Rules W.D. Wash. 7(h)(1). Indeed, Mr. Mills appears not to dispute the Rule 11 signature requirement. (*See* Mot. at 7, 9 (arguing only that LCR 37(a)(2) lacks a signature requirement).)

With respect to Mr. Mills's allegations of prejudice, Mr. Mills is advised that, to date, no discovery deadline or trial date has been set in this case. (*See generally* Dkt.; *see also* JSR (Dkt. # 20) at 11 (proposing that discovery should be completed 120 days before trial).) Based on the court's current trial calendar, trial likely will not be

scheduled in this case until Spring 2025 or later. Thus, Mr. Mills will have adequate time to engage in discovery and prepare his case. Moreover, the court's prior order afforded the parties the opportunity to re-file their joint motion for expedited discovery after the Defendant serves his supplemental discovery responses on October 13, 2023, and after the parties meet and confer regarding the same. (10/4/23 Order at 3.) Should any discovery disputes remain outstanding in approximately eight days, that short delay will not prejudice Mr. Mills.

For these reasons, the court DENIES Mr. Mills's motion for reconsideration (Dkt. # 25).

Dated this 5th day of October.

JAMES L. ROBART
United States District Judge