UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN MILLS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>NOAH ZEICHNER,<br><br>　　　　　　　Defendant. | CASE NO. C23-1130JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Alan Mills's motion for relief from a deadline. (Mot. (Dkt. # 46); Reply (Dkt. # 54).) Mr. Mills asks the court to strike Defendant Noah Zeichner's motion for judgment on the pleadings or, in the alternative, to grant an extension of the noting date. (Mot. at 3-4.) Mr. Zeichner opposes the motion. (Resp. (Dkt. # 50).) The court has considered the motion, the parties' submissions, the

//

//

//

ORDER - 1

relevant portions of the record, and the applicable law.  Being fully advised,[1] the court GRANTS in part and DENIES in part Mr. Mills's motion.

Mr. Mills first argues in his motion that the court should strike Mr. Zeichner's motion for judgment on the pleadings because it does not comply with Local Civil Rule 7(e).  (Mot. at 3-4 (citing Local Rules W.D. Wash. LCR 7(e) ("Absent leave of the court, a party must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim.")).)  In his reply brief, however, Mr. Mills appears to have abandoned this argument and raises a new basis to strike the motion:  Federal Rule of Civil Procedure 12(c).  (*See* Reply at 6); *see* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").  Specifically, Mr. Mills argues in his reply brief that the pleadings should not be considered "closed" in this case because "[t]here are still many remaining problems with Defendant's Amended Answer." (Reply at 6.)  Mr. Mills therefore asks this court to strike Mr. Zeichner's motion for judgment on the pleadings because, in Mr. Mills's view, it was filed before the close of pleadings in violation of Rule 12(c).  (*Id.*)

Alternatively, should the court decline to strike Mr. Zeichner's motion for judgment on the pleadings, Mr. Mills seeks relief from the deadline to respond to the motion.  He seeks an extension of the noting date from December 1, 2023, to January 19, 2024, because the motion is "long and complex," "[i]t will take Plaintiff, a *pro se* litigant,

---

[1] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

longer to digest an[d] analyze it than an attorney would need," and "[d]uring the upcoming holidays, Plaintiff's access to law library materials will be restricted." (Mot. at 4-5.)

Mr. Zeichner argues that Mr. Mills's request to strike the motion for judgment on the pleadings was procedurally improper, and the court agrees. Local Civil Rule 7(g) provides that requests to strike material contained in a motion shall be made in a responsive brief, not a separate motion. Local Rules W.D. Wash. LCR 7(g). Mr. Mills improperly filed a separate motion to strike when he should have made that request in response to Mr. Zeichner's motion for judgment on the pleadings. *See id.* Moreover, Mr. Mills improperly raised a new argument in his reply brief. (*Compare* Mot. at 3-4 (asking the court to strike the motion for judgment on the pleadings based only on Local Civil Rule 7(e)), *with* Reply at 6 (arguing for the first time that the motion for judgment on the pleadings should be stricken for failure to comply with Rule 12(c)).) "New arguments should not be reserved for a reply brief, as it gives the opposition no opportunity to respond." *Roth v. BASF Corp.*, C07-0106MJP, 2008 WL 2148803, at *2 (W.D. Wash. May 21, 2008). The court therefore DENIES Mr. Mills's request to strike the motion for judgment on the pleadings. The court notes that this is not the first occasion on which Mr. Mills has filed a motion that fails to comply with court rules. (*See* 10/4/23 Order (Dkt. # 24) at 2-3 (striking the parties' joint motion for expedited discovery where Mr. Mills, the moving party behind the submission, failed to ensure that both parties signed the joint motion in compliance with Federal Rule of Civil Procedure 11(a)).) *Pro se* litigants must follow the same rules of procedure that govern other litigants. *E.g.*,

*Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). To that end, the court further ORDERS Mr. Mills to carefully review the Local and Federal Rules governing motion practice before filing future motions.

The court next addresses Mr. Mills's request for relief from a deadline. The court may grant an extension of time upon a showing of "good cause." Fed. R. Civ. P. 6(b)(1). Federal Rule of Civil Procedure 6(b)(1) must "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). "[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)). Here, Mr. Zeichner argues he will suffer prejudice because Mr. Mills has demonstrated a pattern of "costly litigation tactics" that will likely continue during a forty-nine-day extension of the motion for judgment on the pleadings, where that motion could dispose of all of Mr. Mills's claims. (Resp. at 8.) Mr. Zeichner further argues that "Mr. Mills has devoted numerous hours to this case to date and has not demonstrated any good cause reason why he could not meet the existing deadline if he exercised reasonable diligence and prioritized accordingly." (*Id.*) Indeed, rather than preparing his opposition to Mr. Zeichner's motion for judgment on the pleadings, Mr. Mills filed a lengthy motion for sanctions against Mr. Zeichner's counsel on November 16, 2023. (*See generally* Mot. for Sanctions (Dkt. # 52).) The court agrees that a forty-nine-day extension risks

prejudice to Mr. Zeichner, but is equally mindful that Mr. Mills, who is acting *pro se* and faces a motion that could dispose of all of his claims, will have limited access to legal materials in the coming weeks. (Mot. at 5.) The court concludes that a modest extension of time is warranted for this reason. Because Mr. Zeichner's motion for judgment on the pleadings and Mr. Mills's motion for partial summary judgment share common issues, in the interest of judicial economy the court will re-note both motions and consider them together.

Accordingly, the court GRANTS in part Mr. Mills's motion for relief from a deadline (Dkt. # 46) and EXTENDS the deadline for Mr. Mills to file his response to Mr. Zeichner's motion for judgment on the pleadings to **December 11, 2023**. Mr. Zeichner shall file his reply in support of his motion for judgment on the pleadings, if any, by no later than **December 15, 2023**. The court DIRECTS the Clerk to re-note Mr. Mills's motion for partial summary judgment (Dkt. # 21) and Mr. Zeichner's motion for judgment on the pleadings (Dkt. # 43) for **December 15, 2023**. The court DENIES in part Mr. Mills's motion for relief from a deadline (Dkt. # 46) to the extent it seeks an order striking Mr. Zeichner's motion for judgment on the pleadings.

Dated this 20th day of November, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 5