UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN MILLS, | CASE NO. C23-1130JLR |
| Plaintiff, | ORDER |
| v. | |
| NOAH ZEICHNER, | |
| Defendant. | |

On December 12, 2023, *pro se* Plaintiff Alan Mills and Defendant Noah Zeichner appeared for a hearing regarding a discovery dispute.[1] (*See* 12/12/23 Min. Entry (Dkt. # 63).) The parties have represented that they are at an impasse regarding the process for satisfying their obligation to meet and confer before seeking court intervention related to their dispute. (*See, e.g.*, Sanctions Mot. (Dkt. # 52) at 11-13; Sanctions Mot. Resp. (Dkt. # 57) at 2-3, 7-8, 11-12.) Accordingly, the court orders as follows:

---

[1] Mr. Zeichner appeared through counsel.

ORDER - 1

1. The court declines to rule on the merits of the parties' discovery dispute at this time. *See* Local Rules W.D. Wash. LCR 37(a)(1) (permitting the court to deny discovery motions without reaching the merits where the parties fail to meet and confer).

2. The court expects the parties to cooperate with one another in good faith moving forward. *See id.* LCR 26(f) ("Counsel are expected to cooperate with each other to reasonably limit discovery requests, to facilitate the exchange of discoverable information, and to reduce the costs of discovery."). The parties shall fully satisfy their meet-and-confer obligations before seeking future court intervention on discovery matters. *See id.* 37(a)(1) ("A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference."); Fed. R. Civ. P. 37(a)(1).

3. During the December 12, 2023 hearing, counsel for Mr. Zeichner, Ms. Audrey M. Airut Murphy, indicated her desire to conduct future discovery conferences with a court reporter present. The parties may meet and confer without a court reporter's presence regarding the underlying discovery dispute and any future discovery disputes, so long as both parties agree to proceed in the absence of a court reporter. If either party wishes to conduct the conference in the presence of a court reporter, however, the parties shall do so and the party requesting the court reporter shall bear 100% of the costs and expenses associated with the court reporter. The requesting party shall select the court reporter of his or her choice and shall be responsible for arranging the court reporter's presence. The court

reserves the right to impose the costs and expenses of the court reporter upon either party as sanctions for discovery-related conduct, based on the court's review of the record and the transcript.

4. If the parties satisfy their meet-and-confer obligations and nonetheless fail to reach a complete resolution of the issues, whether those issues relate to the present dispute or any future discovery dispute, either party may file a formal motion to compel that complies with all applicable local and federal rules without first contacting the court. This order thus supersedes the portion of the court's October 13, 2023 scheduling order requiring the parties to first contact the court before filing any motions related to discovery. (*See* 10/13/23 Order (Dkt. # 31) at 2.)[2]

5. Failure to comply with this order may result in sanctions up to and including dismissal of this case.

Dated this 13th day of December, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[2] To be clear, the court still expects that "all discovery matters are to be resolved by agreement if possible." (10/13/23 Order (Dkt. # 31) at 2); *see also* Local Rules W.D. Wash. LCR 37(a).