UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN MILLS, <br><br> Plaintiff, <br><br> v. <br><br> NOAH ZEICHNER, <br><br> Defendant. | CASE NO. C23-1130JLR <br><br> ORDER |

## I.  INTRODUCTION

Before the court is *pro se* Plaintiff Alan Mills's motion for sanctions against Defendant Noah Zeichner's counsel, Ms. Audrey M. Airut Murphy, and her law firm, Keating, Bucklin & McCormack, Inc., P.S.  (Mot. (Dkt. # 52); Reply (Dkt. # 61).)  Mr. Zeichner opposes the motion.  (Resp. (Dkt. # 57).)  The court has considered the parties' submissions in support of and in opposition to the motion, the relevant portions of the

//

//

ORDER - 1

record, and the applicable law. Being fully advised,[1] the court DENIES Mr. Mills's motion.

## II.  BACKGROUND

Mr. Mills is the father of A.K., a high school student. (Compl. (Dkt. # 1-1) ¶ 4.1.) Mr. Mills brings this action against Mr. Zeichner, A.K.'s teacher, alleging that Mr. Zeichner harmed Mr. Mills and his family by encouraging A.K. to participate in an extracurricular activity called the "Euro Challenge" without Mr. Mills's knowledge or permission. (*Id.* ¶¶ 2.2, 4.2-4.3, 4.14-4.15, 4.25.)

The parties are currently engaged in discovery, and the instant motion stems largely from the parties' dealings with one another in discovery matters. (*See generally* Mot.) Mr. Mills has served multiple requests for discovery and raised a number of discovery disputes. (*See id.* at 10-15.) Mr. Mills and Ms. Murphy have conferenced more than once regarding these disputes, but reached an impasse after Ms. Murphy requested to conduct future discovery conferences with a court reporter present. (*Id.* at 18; Murphy Decl. (Dkt. # 58) ¶¶ 8-13, 23-24.)

Mr. Mills filed his motion for sanctions on November 16, 2023. (*See generally* Mot.) He claims that throughout the litigation, Ms. Murphy has violated the Federal Rules of Civil Procedure, this district's local rules, orders of this court, the Washington Rules of Professional Conduct ("RPCs"), and Washington law. (*Id.* at 17-19.) Mr. Mills

---

[1] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court determines that oral argument would not be helpful to its disposition of the motion, see Local Rules W.D. Wash. LCR 7(b)(4).

seeks sanctions pursuant to Federal Rules of Civil Procedure 11(c) and 26(g)(3), Local Rules 11(c) and 83.3(c)(2), and this court's inherent powers. (*Id.* at 6, 20-21.) He requests "the types and amounts of sanctions that the Court deems appropriate." (*Id.* at 22.) Both parties have requested to strike material in each other's filings. (Resp. at 5-6; Reply at 13.)

## III.   ANALYSIS

The court begins by addressing threshold procedural matters including the parties' requests to strike. The court then examines the merits of Mr. Mills's motion, addressing each asserted basis for sanctions before turning to Mr. Zeichner's request for attorney's fees.

**A.   Procedural Matters**

Both parties raise procedural arguments. First, Mr. Mills requests that the court strike Ms. Murphy's declaration, arguing that it exceeds word limits. (Reply at 13; *see also* Murphy Decl.) Mr. Mills cites no authority in support of this request. (*See* Reply at 13.) This district's local rules impose word limits on motions and briefs, but no similar limits on declarations. *See* Local Rules W.D. Wash. LCR 7(e) (governing word limits). Accordingly, the court DENIES Mr. Mills's request to strike Ms. Murphy's declaration.

Second, Mr. Zeichner argues that Mr. Mills's motion is "procedurally deficient" because it does not comply with applicable word limits. (Resp. at 5-6); *see also* Local Rules W.D. Wash. LCR 7(e) (stating that motions for sanctions "shall not exceed 4,200 words" and "[t]he court may refuse to consider any text" that exceeds word limits). Mr. Zeichner is correct that Mr. Mills improperly appended exhibits to the motion for

sanctions and separately filed other exhibits, rather than attaching his exhibits to a sworn declaration.  (*See* Resp. at 5-6; Mot. at 23-72.)  As a result, the motion exceeds 4,200 words.  (*See generally* Mot.)  Nevertheless, the court DENIES Mr. Zeichner's request to strike in this instance.  Mr. Mills is advised that future motions must comply with Local Rule 7(e) and any exhibits should be attached to a sworn declaration attesting to the authenticity of the documents.  Failure to comply with Local Rule 7(e) in the future may result in the court disregarding text in excess of word limits.  Local Rules W.D. Wash. LCR 7(e)(6).

       Lastly, Mr. Zeichner argues Mr. Mills's motion violates Federal Rule of Civil Procedure 7(b)(1)(C) because it "does not seek clear relief" and therefore prevented Mr. Zeichner from adequately responding to Mr. Mills's request for sanctions.  (Resp. at 6 (citing Fed. R. Civ. P. 7(b)(1)(C) (requiring that motions "state the relief sought")).)  The court agrees that the motion arguably violates Rule 7(b) because it does not specify the type of sanctions it seeks.  *See, e.g.*, *Lawless v. SEC*, 5:21-cv-01637-JWH-Spx, 2023 WL 6795101, at *5 (C.D. Cal. Oct. 11, 2023) (denying motion for sanctions under Rule 7(b) where the motion failed to specify the type of sanctions it sought).  However, such a stringent application of Rule 7(b) is not warranted under the circumstances.  Because Mr. Mills is a *pro se* litigant, it is understandable that Mr. Mills sought only "the types and amounts of sanctions that the Court deems appropriate" (Mot. at 22), and Mr. Mills sufficiently articulated the potential bases for sanctions such that Mr. Zeichner had an adequate opportunity to respond (*see id.* at 20-21).  The court will therefore consider the merits of Mr. Mills's motion.

**B.      Federal Rule of Civil Procedure 11(c)**

Turning to the merits of the instant motion, Mr. Mills first asks the court to sanction Ms. Murphy and her law firm pursuant to Federal Rule of Civil Procedure 11(c) for filing pleadings that he alleges contain "material factual contentions that do not have evidentiary support" in violation of Federal Rule of Civil Procedure 11(b). (Mot. at 6 (citing Fed. R. Civ. P. 11(c)), 18 (citing Fed. R. Civ. P. 11(b)(3)-(4); Reply at 13 (citing Rule 11(c)(1) as a basis for sanctions against Ms. Murphy's law firm).) Rule 11(c), however, imposes "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). In particular, Rule 11(c) contains a "safe harbor" provision, which requires "that any motion for sanctions be served on the offending party at least 21 days before the motion is filed with the court." *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014). The Ninth Circuit mandates "strict compliance with Rule 11's safe harbor provision." *Id.* Failure to strictly comply with the safe harbor provision bars an award of sanctions under Rule 11(c). *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).

Mr. Mills did not serve a copy of his motion on Ms. Murphy prior to filing it with the court and therefore failed to comply with Rule 11's safe harbor provision. (Murphy Decl. ¶ 2. *See generally* Mot. (no allegation that Mr. Mills complied with the safe harbor provision); Reply (same).) Because an award of sanctions is not authorized absent strict compliance with the safe harbor provision, *Islamic Shura Council*, 757 F.3d at 872, the court DENIES Mr. Mills's request to sanction Ms. Murphy and her law firm pursuant to Rule 11.

**C.      Local Rule 11(c)**

Mr. Mills next seeks sanctions pursuant to Local Rule 11(c), which provides that:

> An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court . . . or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

Local Rules W.D. Wash. LCR 11(c). Mr. Mills argues that sanctions are warranted under this rule based on Ms. Murphy's alleged violations of the Federal Rules of Civil Procedure, this district's local rules, and orders of this court. (Mot. at 20.) Ms. Murphy's alleged misconduct includes: (1) presenting a pleading (specifically, Mr. Zeichner's answer) "that contains material factual contentions that do not have evidentiary support" (Mot. at 18); (2) making improper interrogatory objections; (3) failing to timely and completely answer Mr. Mills's interrogatories; (4) failing to timely and completely respond to Mr. Mills's requests for production; and (5) failing to confer regarding discovery disputes. (*See id.* at 18-19.)

The court concludes that sanctions are not warranted under Local Rule 11(c). First, Mr. Mills's request to impose sanctions based on the veracity of factual allegations or denials in the pleadings is premature. Discovery is still ongoing and the court declines to engage in fact-finding at this stage of the proceedings. Second, Ms. Murphy has not engaged in litigation conduct that "so multiplies or obstructs the proceedings" as to result in "excess costs" to Mr. Mills. Local Rules W.D. Wash. LCR 11(c). Based on the materials provided, Ms. Murphy has actively cooperated in discovery in good faith. She

has not taken frivolous or unreasonable positions on discovery matters and has consistently demonstrated a willingness to confer on discovery disputes raised by Mr. Mills. (*See, e.g.*, Murphy Decl. ¶¶ 8, 16, 23-24.) Ms. Murphy's desire to confer with a court reporter present neither amounts to a refusal to confer nor demonstrates bad faith. Indeed, the use of a court reporter is a common practice to dispel future disputes between highly adversarial parties by keeping an accurate and independent record of what they discussed. The court declines to draw any negative inferences from Ms. Murphy's proposal to conduct future discovery conferences with a court reporter. The court therefore DENIES Mr. Mills's request for sanctions pursuant to Local Rule 11(c).

**D.     Federal Rule of Civil Procedure 26(g)(3)**

Mr. Mills next requests sanctions pursuant to Federal Rule of Civil Procedure 26(g)(3), which relates to the certification of discovery responses. "[E]very discovery request, response, or objection must be signed by at least one attorney of record." Fed. R. Civ. P. 26(g)(1). The attorney's signature certifies to the court that the disclosure "is complete and correct as of the time it is made" and that the response or objection is consistent with the rules and not made for improper purposes, among other things. Fed. R. Civ. P. 26(g)(1)(A)-(B). "If a certification violates this rule without substantial justification, the court . . . must impose an appropriate sanction on the signer." Fed. R. Civ. P. 26(g)(3).

Mr. Mills seeks sanctions under Rule 26(g)(3) based on Ms. Murphy's alleged violations of Federal Rule of Civil Procedure 33(b)(2)-(4) and 34(b)(2)(A)-(B). (Mot. at 19-20); *see also* Fed. R. Civ. P. 33(b)(2)-(4) (imposing requirements related to

1  interrogatory answers); Fed R. Civ. P. 34(b)(2)(A)-(B) (imposing requirements related to
2  RFP responses).  Mr. Mills appears to argue that Ms. Murphy should be sanctioned for
3  falsely representing that Mr. Zeichner's discovery responses were made in compliance
4  with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(g)(1)(B)(i) (explaining
5  that an attorney's signature certifies that the discovery response or objection is
6  "consistent with" the federal rules).

7  The purpose of Rule 26(g)(3) is not to ensure strict compliance with the rules, but
8  to impose a duty of "reasonable inquiry."  Fed. R. Civ. P. 26(g) advisory committee's
9  note to 1983 amendment.  "The signing requirement means that every discovery request,
10  response, or objection should be grounded on a theory that is reasonable under the
11  precedents or a good faith belief as to what should be the law."  *Id.*  This is an objective
12  standard that is "heavily dependent on the circumstances of each case."  *Id.*  The court
13  concludes that Ms. Murphy's certifications meet this standard because, as discussed
14  above (*see supra* § III(C)), Ms. Murphy has not taken any unreasonable positions on
15  discovery matters.  Accordingly, the court DENIES Mr. Mills's request for sanctions
16  pursuant to Rule 26(g)(3).

17  **E.     Local Rule 83.3(c)(2)**

18  Mr. Mills next seeks sanctions pursuant to Local Rule 83.3(c)(2), which the court
19  construes as a request for attorney discipline pursuant to Local Rule 83.3(c)(3).  (Mot. at
20  6.)[2]  In general, Local Rule 83.3 governs professional conduct and attorney practice in

---

[2] Local Rule 83.3(c)(2) is not an independent grant of authority to impose sanctions. Instead, it provides that "[n]othing contained in [Rule 83.3] precludes the court from imposing

this district.  *See generally* Local Rules W.D. Wash. LCR 83.3.  The rule imposes "Standards of Professional Conduct," which require attorneys practicing in this district to "be familiar with and comply with" this district's local rules, the RPCs, the Federal Rules of Civil Procedure, and General Orders of this court.  *Id.* LCR 83.83(a)(1)-(4).  The rule also empowers the court to discipline an attorney for professional misconduct, which may include the assessment of fines.  *See* Local Rules W.D. Wash. LCR 83.3(c)(3), (c)(4)(F)(iii).  Grounds for discipline under Local Rule 83.3(c)(3) are limited to: violations of the Standards of Professional Conduct; disbarment or other attorney discipline imposed by another jurisdiction; "conviction of any felony or misdemeanor involving dishonesty or corruption"; "misrepresentation or concealment of a material fact made in an application for admission to" practice in this district; and "violation of this court's Oath of Attorney."  *Id.* LCR 83.3(c)(3)(A)-(E).  Mr. Mills argues the court should discipline Ms. Murphy based on alleged violations of the local and federal rules, court orders, the RPCs, and Washington law.  (Mot. at 20-21.)

For the reasons discussed above, the court declines to impose discipline based on alleged violations of court rules or court orders.  (*See supra* § III(C).)  Similarly, the court declines to impose discipline based on alleged violations of the RPCs.  Among Ms. Murphy's alleged violations is her "self-serving legal and other advice to *pro se* Plaintiff."  (*See* Mot. at 18 (citing Wash. Rules of Pro. Conduct 4.3 ("The lawyer shall not give legal advice to an unrepresented person.")).)  Mr. Mills describes an email

---

sanctions for violations of the Local Rules, the Federal Rules of Civil and Criminal Procedure, or other applicable statutes and rules."  Local Rules W.D. Wash. LCR 83.3(c)(2).

ORDER - 9

exchange in which Ms. Murphy stated, "I don't believe a motion requesting the court require an Answer amendment would serve any valuable purpose . . . so I would recommend against it." (*Id.* at 9.) Ms. Murphy's statement treads close and likely amounts to legal advice. But the court will not take the drastic step of imposing attorney discipline based on this single exchange. Instead, the court advises Ms. Murphy to refrain from offering legal advice to Mr. Mills, a *pro se* litigant. *See* Wash. Rules of Pro. Conduct 4.3. Beyond this email exchange, the court finds no basis to impose discipline based on alleged professional misconduct. At most, the materials provided show that the parties' dealings with one another have been contentious. The court fails to see how Ms. Murphy "has not dealt honestly" with Mr. Mills or "has attempted to harass and intimidate" him. (Mot. at 17.) Moreover, Ms. Murphy's alleged violations of RCW 9A.72.020(1) and RCW 12.08.070[3] do not constitute grounds for discipline because Mr. Mills has not shown that Ms. Murphy has been "convict[ed]of any felony or misdemeanor involving dishonesty or corruption." Local Rules W.D. Wash. LCR 83.3(c)(3)(C). The court therefore DENIES Mr. Mills's request for attorney discipline pursuant to Local Rule 83.3(c)(3).

//

---

[3] RCW 12.08.070 provides that "[e]very complaint, answer, or reply shall be verified by the oath of the party pleading" or "by the oath of his or her attorney or agent." Mr. Mills is advised that this state statute does not apply to these proceedings. This matter is governed by federal procedural law. *See, e.g.*, *Castillo v. Frito-Lay, Inc.*, No. C05-5209RJB, 2006 WL 1518868, at *1 (W.D. Wash. May 26, 2006) ("[A] federal court hearing a case on a federal question is not bound by a state procedural rule such as RCW 4.84.250."); *Cruz v. Don Panch Market, LLC*, 171 F. Supp. 3d 657, 666 (W.D. Mich. 2016) ("In federal question cases, federal courts obviously apply federal substantive law and federal procedural law.").

ORDER - 10

**F.     Inherent Powers**

Finally, Mr. Mills seeks sanctions pursuant to this court's inherent powers. "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). "A district court may, among other things, dismiss a case in its entirety, bar witnesses, exclude other evidence, award attorneys' fees, or assess fines." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021). To impose sanctions pursuant to its inherent powers, "a district court must find either: (1) a willful violation of a court order; or (2) bad faith." *Id.* at 1090. A finding of willfulness "does not require proof of mental intent . . . but rather, it is enough that a party acted deliberately." *Id.* Bad faith "sets a high threshold," *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997), and "requires proof of bad intent or improper purpose," *Rousseau*, 985 F.3d at 1090. "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

The court declines to exercise its inherent powers to issue sanctions in this case. Mr. Mills argues Ms. Murphy violated court orders by refusing to confer regarding discovery disputes (*see* Mot. at 12-13, 19), but as noted, Ms. Murphy's desire to confer with a court reporter present does not amount to a refusal to confer. Ms. Murphy has

offered and agreed to confer with Mr. Mills many times (*see, e.g.*, Murphy Decl. ¶¶ 8, 16, 23-24), and she has not violated any court orders.  The court also declines to find bad faith under the circumstances.  Accordingly, the court DENIES Mr. Mills's request to impose sanctions pursuant to the court's inherent powers.

## G.   Attorney's Fees

Pursuant to Rule 11(c)(2), Mr. Zeichner requests an award of attorney's fees and expenses incurred in responding to the motion.  (Resp. at 13); *see also* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").  The court determines that such an award is not warranted in this instance.  Mr. Mills is advised, however, that future motions for sanctions that lack merit or fail to conform with court rules may result in an award of attorney's fees and expenses in Mr. Zeichner's favor.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Mills's motion for sanctions (Dkt. # 52).)

Dated this 3rd day of January, 2024.

JAMES L. ROBART
United States District Judge