UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN MILLS,<br><br>    Plaintiff,<br><br> v.<br><br>NOAH ZEICHNER,<br><br>    Defendant. | CASE NO. C23-1130JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Alan Mills's motion for reconsideration of the court's January 17, 2024 order granting Defendant Noah Zeichner's motion for judgment on the pleadings and denying Mr. Mills's motions for partial summary judgment and to hold nonparty Martin Floe in contempt of a subpoena. (Mot. (Dkt. # 69); *see also* 1/17/24 Order (Dkt. # 67).) Mr. Mills also asks the court to amend its January 17, 2024 order to correct supposed errors and to grant him leave to amend the complaint to incorporate "new laws and facts." (Mot. at 5, 13.) Having reviewed the motion, the

//

ORDER - 1

relevant portions of the record, and the governing law, the court DENIES Mr. Mills's motion for reconsideration.

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). "Reconsideration is an extraordinary remedy," and the moving party bears a "heavy burden." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The court concludes that Mr. Mills has not met his heavy burden to demonstrate that the court must reconsider its prior order.

Mr. Mills identifies many supposed errors in the court's January 17, 2024 order. For example, Mr. Mills argues the court erred in declining to take judicial notice of certain documents, including affidavits of his wife and daughter, A.K., as well as emails between Mr. Zeichner and various nonparties. (Mot. at 4-5; *see also* MJP Resp. (Dkt. # 62) at 8-10.) Mr. Mills asserts these documents are not subject to reasonable dispute because he attached "true and correct copies of the documents." (*Id.* at 4.) Mr. Mills misunderstands the types of facts and documents that are ordinarily suitable for judicial notice. The Federal Rules of Evidence authorize the court to "judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see, e.g.*, *Brown v. Piper*, 91 U.S. 37, 42 (1875) (stating that courts may take judicial notice of

ORDER - 2

universally known facts such as "the law of nations," "the notary's seal," "the coincidences of the days of the week with those of the month," "the election and resignations of senators," and "the boundaries of the several States and judicial districts"); *Interstate Nat. Gas Co. v. So. Cal. Gas. Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (judicially noticing "records and reports of administrative bodies"); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001-02 (9th Cir. 2018) (affirming judicial notice of patent application published by a foreign government agency). *Cf. United States v. Cerda-Ramirez*, 730 Fed. App'x 449, 452 (9th Cir. April 19, 2018) (reversing judicial notice of affidavit filed in a separate case that contained facts subject to reasonable dispute); *Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1163 (W.D. Wash. 2015) (Robart, J.) (declining to take judicial notice of emails). Although Mr. Mills attests to the authenticity of the documents, those documents nonetheless contain facts that are not generally known and instead are subject to reasonable dispute, making them inappropriate for judicial notice. *See* Fed. R. Evid. 201(b). (*Compare* Mills Decl. (Dkt. # 70) ¶ 1, Ex. A at 2-3 (A.K. declaring that Mr. Zeichner "was very active in his role of organizing the club and communicating on the team's behalf"), *with* Am. Answer (Dkt. # 29) ¶ 4.3 (Mr. Zeichner claiming he "maintained a limited role as a faculty/teacher adviser" and denying the allegation that he maintained "an active management role").) The court did not err in declining to take judicial notice of Mr. Mills's documents.

   Mr. Mills next asserts that the court overlooked his arguments related to certain Washington regulations governing the professional conduct of education practitioners.

1    (Mot. at 5; *see also* MSJ Reply (Dkt. # 39) (arguing Mr. Zeichner violated WAC
2    181-87-060, WAC 181-87-050, and WAC 181-86-014); MJP Resp. at 24-25 (arguing Mr.
3    Zeichner violated WAC 181-87-050).)  Mr. Mills appears to suggest that the cited
4    regulations constitute clearly established law for qualified immunity purposes, but this
5    argument fails. (Mot. at 9-10.)  The qualified immunity analysis asks whether Mr.
6    Zeichner could have known based on clearly established law that his conduct would
7    violate Mr. Mills's constitutional rights in the manner alleged in the complaint—not
8    whether Mr. Zeichner could have known that his conduct might violate *any* law.  The
9    court did not err with respect to the cited regulations.
10          Mr. Mills also claims the court overlooked other arguments related to qualified
11   immunity, but he fails to change the calculus on this issue.  (Mot. at 7-9.)  Mr. Mills still
12   does not cite any case with comparable facts in which the Ninth Circuit Court of Appeals
13   or the United States Supreme Court held that a teacher violated a parent's fundamental
14   right to direct the care, upbringing, and education of his child.  (*See generally* Mot.)  His
15   failure to do so is fatal to his Section 1983 claim.  *See Chafer v. Cnty. of Santa Barbara*,
16   868 F.3d 1110, 1117-18 (9th Cir. 2017) (explaining that, to overcome qualified
17   immunity, Section 1983 plaintiffs must identify a factually analogous case in which a
18   government actor was held to have violated the plaintiff's constitutional rights in the
19   manner alleged); *White v. Pauly*, 580 U.S. 73, 79-90 (2017) (same).
20          The court has carefully reviewed the balance of the motion and determined that
21   none of Mr. Mills's remaining arguments justify reconsideration of the court's January
22   //

17, 2024 order.  Accordingly, the court DENIES Mr. Mills's motion for reconsideration (Dkt. # 69) and the relief requested therein.

Dated this 2nd day of February, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 5