UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN MILLS,

              Plaintiff,

   v.

NOAH ZEICHNER,

             Defendant.

CASE NO. C23-1130JLR

ORDER

Before the court are *pro se* Plaintiff Alan Mills's motions (1) to retax costs, and (2) to stay these proceedings pending appeal.  (Mot. to Retax (Dkt. # 80); Mot. to Stay (Dkt. # 81); Stay Reply (Dkt. # 84).)   Defendant Noah Zeichner opposes the motions.  (Retax Resp. (Dkt. # 82); Stay Resp. (Dkt # 83).)  The court has considered the motions, the parties' submissions in support of and in opposition to the motions, the relevant

//
//
//

ORDER - 1

portions of the record, and the governing law.  Being fully advised,[1] the court DENIES Mr. Mills's motion to retax and GRANTS in part and DENIES in part his motion to stay.

The court first addresses the motion to retax costs.  The Clerk previously granted Mr. Zeichner's motion for a bill of costs and taxed $515.89 against Mr. Mills.  (2/23/24 Order (Dkt. # 79).)  Mr. Mills now appeals that ruling pursuant to Local Civil Rule 54(d)(4).  *See* Local Rules W.D. Wash. LCR 54(d)(4) (providing that the Clerk's taxation of costs shall be final unless appealed to the presiding district judge "by filing a motion to retax").  Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Here, Mr. Mills raises a single argument in support of his motion:  that Mr. Zeichner "is not yet the prevailing party" because Mr. Mills has filed a notice of appeal.  (Mot. to Retax at 3.)  Mr. Mills is incorrect.  "[A] 'prevailing party' is one who has been awarded some relief by the court."  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).  Mr. Zeichner prevailed on his motion for judgment on the pleadings and secured dismissal of every one of Mr. Mills's claims.  (*See* 1/17/24 Order (Dkt. # 67); Judgment (Dkt. # 68).)  Thus, Mr. Zeichner plainly is the prevailing party for the purposes of Rule 54(d).  Mr. Mills's filing of a notice of appeal does not change that outcome.  *See Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 948 F.2d 556, 567 (9th Cir. 1991) (affirming denial of motion to retax, where the district court

---

[1] Neither party requests oral argument (*see* Mot. to Retax at 1; Mot. to Stay at 1; 1st Resp. at 1; 2d Resp. at 1), and the court determines that oral argument would not be helpful to its disposition of the motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

clerk taxed costs after a notice of appeal had been filed). The court therefore DENIES Mr. Mills's motion to retax costs.

The court next addresses Mr. Mills's motion to stay. Mr. Mills asks the court "to stay all further proceedings related to this Case, including discovery and taxation of costs, pending the outcome of [Mr. Mills]'s appeal." (Mot. to Stay at 5.) As Mr. Zeichner correctly points out, however, "[n]ot only is discovery closed, but also, no further proceedings would otherwise take place before the district court because Mr. Mills's notice of appeal conferred jurisdiction to the appellate court," thus "divesting the district court of jurisdiction to 'alter or expand upon the judgment.'" (2d Resp. at 3 (quoting *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000)).) For these reasons, Mr. Mills's motion to stay is misguided to the extent he seeks a stay of district court proceedings unrelated to the bill of costs.

That said, this court retains jurisdiction to address matters ancillary to the appeal, such as a bill of costs. *See K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 968 (9th Cir. 2014). To the extent Mr. Mills seeks a stay of execution of the bill of costs, that issue is governed by Federal Rule of Civil Procedure 62, which provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security," and "[t]he stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(b)[2]; *see also NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) ("The posting of a bond

---

[2] Rule 62 was amended in 2018. Rule 62(b) "carries forward in modified form the supersedeas bond provisions of former Rule 62(d)," now providing "the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments.

protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment."). District courts have inerent discretionary authority in setting supersedeas bonds. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987); *see also Glob. Indus. Inv. Ltd. v. 1955 Cap. Fund I GP LLC*, No. 21-cv-08924-HSG, 2023 WL 6310263, at *12 (N.D. Cal. Sept. 27, 2023) ("Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." (quoting *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. Mar. 16, 2012))). District courts also have discretion to waive or modify the bond requirement. *See, e.g.*, *United States v. Birdsong*, No. CV 17-72-M-DWM, 2019 WL 1026277, at *1 (D. Mont. Mar. 4, 2019) (citing *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985)).

Mr. Mills makes no mention of a supersedeas bond in his motion (*see generally* Mot. to Stay), but he states in his reply that he "would be happy to post a supersedeas bond if the Court should require" it (Stay Reply at 3). The court construes this statement as a request that the court waive Rule 62(b)'s bond requirement. The party seeking waiver of the bond requirement bears the burden to show that waiver is justified. *Waine-Golston v. Time Warner Ent.-Advance/New House P'ship*, No. 11cv1057-GPB(RBB), 2023 WL 1899928, at *1 (S.D. Cal. May, 7, 2013). Waiver "is reserved for unusual circumstances." *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 2019 WL 2715616, at *3 (E.D. Cal. Jun 28, 2019) (internal quotation marks omitted). Although the Ninth Circuit has not established a test for evaluating waiver in

//

ORDER - 4

the context of Rule 62(b), courts in this circuit generally consider five factors known as the *Dillon* factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the [movant's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [movant] is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id.* at *4 (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988)); *see also, e.g.*, *Glob. Indus. Inv. Ltd.*, 2023 WL 6310263, at *10 (applying *Dillon* factors); *Est. of Brown v. Lambert*, No. 155-cv-1583-DMS (WVG), 2020 WL 4925586, at *1 (S.D. Cal. Apr. 3, 2020) (same); *Birdsong*, 2019 WL 1026277 at *2 (same); *De La Fuente Manriquez v. City of Pheonix*, No. CV-11-1981-PHX-SMM, 2014 WL 12675250, at *1 (D. Ariz. July 24, 2014) (same).

Mr. Mills fails to carry his burden to establish that waiver is justified. He neither identifies unusual circumstances that warrant a departure from typical Rule 62 procedures (*see generally* Mot. to Stay), nor does he assess the *Dillon* factors. (*See generally* Mot. to Stay.) Moreover, Mr. Mills provides no information about his financial circumstances aside from his status as "a retired individual." (*Id.* at 4.) Being retired does not, on its own, establish an inability to pay. Furthermore, the court notes that Mr. Mills is not proceeding *in forma pauperis*. (*See generally* Dkt.)

For the foregoing reasons, the court declines to waive the supersedeas bond requirement. The court GRANTS in part Mr. Mills's motion to the extent he seeks a stay

of execution of the bill of costs, conditioned upon Mr. Mills's posting of a supersedeas bond in the amount of $700.00 by no later than April 5, 2024.

In sum, the court DENIES Mr. Mills's motion to retax costs (Dkt. # 80) and GRANTS in part and DENIES in part Mr. Mills's motion to stay (Dkt. # 81).

Dated this 25th day of March, 2024.

JAMES L. ROBART
United States District Judge